JAMES MORGAN, plaintiff in error, *vs.* GILBERT M. STOKES, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

R. was county tax collector, and S. was security upon his bond. By an arrangement between them, R. was to pay over the taxes collected to S., who was to settle with the county therefor, paying to R. any surplus that might remain in his hands. R. was indebted to M. S. agreed with M. that if, upon a settlement with the county, there should be ascertained to be any surplus in his hands, he would retain it to be applied to his debt. Upon a settlement between S. and the county, no funds were left in his hands belonging to R. Subsequently, by the finding of a receipt for a payment made by R. direct to the treasurer, it was discovered that the county had been overpaid $280 00, and an order for that amount was passed in favor of R. M. had a summons of garnishment served on S., who answered, denying any indebtedness to R. The court charged the jury that upon the above statement of facts, S was not liable upon the garnishment :
*Held,* that such charge was proper.

Garnishment. Before Judge CLARK. Lee Superior Court. March Term, 1875.

Reported in the opinion.

R. F. LYON ; GEORGE KIMBROUGH, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

WARNER, Chief Justice.

This case came before the court below on the trial of an issue formed on the traverse of the answer of a garnishee to a summons of garnishment. The jury, under the charge of the court, found a verdict in favor of the garnishee. The errors assigned are, to the charge of the court and refusal to charge as requested. It appears from the evidence in the record that Rosser was the tax collector of Lee county; that Stokes, the garnishee, was security on his bond; that by an arrangement between Rosser and Stokes, the former was to pay over the money collected by him as tax, to Stokes, who was to make a settlement with the county therefor. On the

22d September, 1872, Stokes gave to Rosser a receipt for $228 96 for tax of Lee county for 1872, and if any over, to be accounted for to him. Rosser was indebted to Morgan, the plaintiff, and Stokes agreed that if there was any excess of money in his hands, after settling with the county, belonging to Rosser, he would retain it for the payment of plaintiff's debt. The garnishment was served on Stokes the 7th of October, 1873, who denied having any money or effects in his hands belonging to Rosser, insisting that he had paid over all the money received by him from Rosser, as tax collector, to the county. It also appears from the evidence in the record that Rosser himself made some payments of tax money to the county treasury, and that there was a receipt found by him which enabled him to detect the error as to the amount which had been paid over to the county. After Stokes had made a settlement with the county for the tax money received by him from Rosser, it was discovered that Rosser had overpaid the county $280 00; in other words, on a fair settlement with him, allowing him his commissions, etc., there was due him that amount, and an order was passed in his favor for that sum, and the plaintiff insists that inasmuch as the county was indebted to Rosser on his final settlement for an overpayment of tax money, Stokes, the garnishee, is therefore liable to have judgment rend ered against him in favor of the plaintiff for that amount. The court charged the jury "that if Stokes was security for Rosser on his bond, and acted as his agent in receiving and paying taxes to the treasurer, and Stokes made most of the payments to the treasurer, and Rosser made some of the payments, and after Stokes was served with summons of garnishment, he had in his hands any money or orders on the county paid over to him by Rosser, as taxes collected by Rosser for the county, and he, in good faith, and without any fraud or negligence, paid over the whole to the county treasurer, that he was not liable to this garnishment." The request to charge by the plaintiff, which was refused, assumed the law to be, that if there was an excess of $280 00 due by the county to Rosser, on a final set-

tlement with him, notwithstanding Stokes, the garnishee, had paid over all the money he had received from Rosser, as tax money, in good faith, to the county, inasmuch as Stokes had given to Rosser the receipt of the 22d September, 1872, that the garnishment bound that excess in his hands, and . he was liable for it. If there was an excess of $280 00 due by the county to Rosser, after the payment to the county of all the tax money received either by Stokes or Rosser, such excess was a debt due by the county to Rosser, and not a debt due by Stokes, the garnishee, to Rosser. In view of the evidence contained in the record, there was no error in refusing to charge as requested, or in the charge as given.

Let the judgment of the court below be affirmed.